Stuart Price, Esq. (SBN:150439)
Price Law Group, APC
15760 Ventura Boulevard, Suite 800
Encino, CA 91436
Tel: 818-907-2030
stuart@pricelawgroup.com
*Attorneys for Plaintiff, Teresa A. Andrews*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA E. ANDREWS,<br><br>    Plaintiff,<br><br>vs.<br><br>WESTERN DENTAL SERVICES, INC.<br><br>    Defendant. | **Case No.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. TCPA, 47 U.S.C. § 227<br>2. Cal Civ. Code § 1788<br><br>**(Unlawful Debt Collection Practices)** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Teresa E. Andrews ("Plaintiff"), through her attorneys, alleges the following against Defendant, Western Dental Services Inc., ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of

automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

## JURISDICTION AND VENUE

3. Jurisdiction of the Court arises under 47 U.S.C. §227 and 28 U.S.C. 1331.
4. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)* in that a substantial part of the events or omissions giving rise to the claim occurred in this District.
5. Because Defendant transacts business here, personal jurisdiction is established.

## PARTIES

6. Plaintiff is a natural person residing in Long Beach, Los Angeles County, California.
7. Plaintiff is a debtor as defined by Cal. Civ. Code § 1722.2(h)
8. Defendant is a corporation engaged in the business of issuing credit for dental and orthodontic services with its headquarters located at 530 S Main St, Fl 6, Orange, CA 92868. Defendant can be served with process at National Registered Agents, Inc., 818 W Seventh Street, Suite 930, Los Angeles, CA 90017.
9. Defendant is a debt collector as that term is defined by Cal. Civ. Code § 1722.2(c), and sough to collect a consumer debt from Plaintiff.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## **FACTUAL ALLEGATIONS**

11. Defendant is attempting to collect a debt from Plaintiff.

12. Plaintiff filed for Chapter 13 bankruptcy protection on December 4, 2015; Case Number 2:15-bk-28541WB. Plaintiff listed Defendant as a creditor on her Petition & Schedules.

13. On or about November 2015, Defendant began placing calls to Plaintiff's cellular phone number (562) 219-8768, in an attempt to collect an alleged debt.

14. Upon information and belief, the calls mainly originated from (866) 620-8390 and (866) 620-8392; these numbers are owned or operated by Defendant.

15. On or about December 11, 2015, Plaintiff answered a collection call from Defendant originating from telephone number (866) 620-8390; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system.

16. Defendant informed Plaintiff that it was attempting to collect a debt.

17. Plaintiff instructed Defendant that she did not have any money to pay debt and unequivocally revoked consent for Defendant to contact her any further for the first (1st) time.

18. On or about December 18, 2015, Plaintiff answered a second (2nd) collection call from Defendant originating from telephone number (866) 620-8390;

Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated dialing system.

19. Defendant informed Plaintiff that it was attempting to collect a debt.

20. Plaintiff instructed Defendant that she did not have any money to pay debt and unequivocally revoked consent for Defendant to contact her a second (2nd) time.

21. Defendant called Plaintiff again the same day after a few hours of revoking consent to be contacted on her cellular phone after a second (2nd) time.

22. Upon information and belief, between December 9, 2015 and December 31, 2015, Defendant proceeded to willfully call Plaintiff on her cellular phone approximately twenty-four (24) times.

23. Upon information and belief, between January 1, 2016 and January 26, 2016, Defendant willfully called Plaintiff approximately twenty-one (21) additional times on Plaintiff's cellular phone.

24. Upon information and belief, Between December 11, 2015 and January 26, 2016 Defendant contacted Plaintiff approximately forty-five (45) times on her cellular phone despite revocations.

25. The calls Plaintiff received by Defendant caused Plaintiff to endure emotional distress and mental anguish.

## COUNT I
**(Violations of the TCPA, 47 U.S.C. § 227)**

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

    (a)    Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

    (b)    Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

28. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

(Violation of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788)

29. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated CAL. CIV. CODE § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called; and

(b) Defendant violated CAL. CIV. CODE § 1788.11(e) by communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances; and

(c) Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

  (i) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

  (ii) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly; and

  (iii) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt.

30. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

31. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduce violated the RFDCPA, actual damages, statutory damages, and attorneys' fees and costs.

**WHEREFORE**, Plaintiff, Teresa E. Andrews, respectfully requests judgment be entered against Defendant, Western Dental Service, Inc., for the following:

A. Statutory damage of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b), 47 U.S.C §227(b)(3)(B); 47 U.S.C §227(b)(3)(C);

B. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c), and

C. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

Dated: June 9, 2016       By:*/s/ Stuart Price*
                                Stuart Price, Esq.
                                15760 Ventura Boulevard,
                                Suite 1100
                                Encino, CA 91436
                                Tel: 818-907-2030
                                stuart@pricelawgroup.com
                                Attorneys for Plaintiff